M. A. WHATLEY v. J. P. HUGHES, ADMINISTRATOR, ETC.

CONTRACTS. *Against public policy. Collecting agent and administrator. Inconsistent obligations.*

A contract by which one agrees, for the purpose of collecting a claim against the estate of a deceased person, to administer on the estate, and thereby make the collection, and for his services retain one-half of the amount collected, is immoral, against public policy, and, in so far as it remains executory, incapable of enforcement.

APPEAL from the Chancery Court of Carroll County.

Hon. PETER P. BAILEY, Chancellor.

T. H. Somerville, administrator *de bonis non* of Henry Royall, deceased, filed a bill of interpleader, asking the direction of the Chancery Court in the payment of certain money arising from the sale of some land of the estate, and alleging that M. A. Whatley and J. P. Hughes, administrator, are claimants for the money.

Whatley answers that he is a creditor of the estate, and sets forth his claim to the money.

Hughes, as administrator of his father, who in his lifetime was administrator of the estate of said Royall, answers, claiming a portion of the money, by virtue of a contract made between his father and said Whatley, to the effect that if the father would assume the administration of Royall's estate, and collect his (Whatley's) claim against said estate, that he (the father) should have one-half of the amount collected; and that the father, under this contract, assumed the administration of Royall's estate, collected a portion of the claim and placed the balance of it in a condition so that it might be easily collected.

The only question raised is the validity of the contract between Whatley and the elder Hughes.

The Chancellor decided in favor of J. P. Hughes, the administrator, holding the contract valid, and Whatley appealed.

*W. B. Helm*, for the appellant.

The case of *Spinks* v. *Davis*, 32 Miss. 152, is decisive of this case. It was there decided that a contract by which an

attorney takes a claim against an intestate for collection, and to that end agrees to administer on the estate, is void as against public policy.

It may be contended here, as it was in the court below, that the case cited and the one under consideration are not parallel in this, that in the case cited the contract was with a regularly licensed attorney, and in this case it was made with one who was not; but this is a distinction without a difference.

No counsel for the appellee.

CHALMERS, J., delivered the opinion of the court.

The claim set up in this case by the appellee, and which was sustained by the Chancellor, grew out of a contract by which the appellee's intestate agreed, for the purpose of collecting a claim against the estate of a deceased person, to administer on said estate, and thereby make said collection, and, for his services, to retain one-half of the amount collected.

It was well said, in *Spinks* v. *Davis*, 32 Miss. 152, that such a contract is immoral and against public policy. It is the duty of a person receiving a claim for collection to use all lawful means to collect it. It is the duty of an administrator by all lawful means to defeat all claims which are not legal charges against the estate of which he is the representative. A contract, therefore, by which a person undertakes for a consideration to assume and discharge the duties of these antagonistic positions is illegal, and, in so far as it remains executory, is incapable of enforcement.

The decree of the Chancellor will be reversed and the cause remanded, with instructions for a decree in accordance with this opinion.